UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO CUZA | CIVIL ACTION |
| VERSUS | NO. 22-1354 |
| TRAVIS DAY, WARDEN, RAYBURN CORRECTIONAL CENTER | SECTION "E" (2) |

## REPORT AND RECOMMENDATION

Petitioner Antonio Cuza filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 3) which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.   Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1]   For the following reasons, I recommend that the petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## I.    FACTUAL BACKGROUND

On July 8, 2015, Cuza was charged by bill of information in Jefferson Parish with battery with a dangerous weapon.[2]   The bill was superseded on May 13, 2017, to add two additional counts of knowingly making a false statement, report, or allegation concerning the commission of

---

[1] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.   *Id*. § 2254(e)(2)(B).

[2] State Record (hereinafter "St. R.") Vol. 1 of 15 at 25, Bill of Information, 7/8/15.

a crime with intent to cause an investigation or other action.[3]   Cuza ultimately pled not guilty to

all charges.[4]

The Louisiana Fifth Circuit Court of Appeal summarized the facts established at trial as

follows:

> On March 15, 2015, Abraham Ezekiel Montenegro-Sanchez allowed an
> upstairs neighbor access to his apartment and yard for a child's birthday party.
> When Mr. Montenegro arrived home from work that day at about 5:00 p.m., he
> joined in the party and began to drink with the other guests.   It is undisputed that
> during the party, an altercation occurred between Mr. Montenegro and defendant,
> which resulted in the stabbing of Mr. Montenegro.   However, Mr. Montenegro and
> defendant presented different versions of events as to the circumstances leading up
> to the stabbing.
> According to Mr. Montenegro, at one point during the party, he observed
> defendant pulling Elba Monroy Mojica's hair and hitting her body with his fist.
> Upon seeing this, Mr. Montenegro and his roommate, Joseluis Castellon, went over
> and grabbed defendant so he would let her go.   Defendant told them to let him go
> and cursed at them.   They released him, and defendant said that he would see them
> soon.   Mr. Montenegro went inside his apartment with some friends and continued
> drinking, and approximately ten minutes later, defendant returned and was holding
> two knives.   Mr. Montenegro grabbed a plastic bar stool to try to defend himself,
> but defendant was able to stab Mr. Montenegro on the left side of his back.   This
> version of events was corroborated at trial by Mr. Montenegro's roommate, Mr.
> Castellon.
> The defense, however, presented a different scenario through the testimony
> of Ms. Mojica, defendant's wife, and Osmel Arencibia-Hernandez, a guest at the
> party.   According to these witnesses, Ms. Mojica and defendant left the party and
> went to their upstairs apartment for a little while.   When she came back down
> alone, Mr. Montenegro tried to kiss her.   Ms. Mojica told Mr. Montenegro "no"
> and pushed him away; however, he persisted in his attempt.   Defendant then
> proceeded down the stairs, saw what was happening, and told Mr. Montenegro to
> stop bothering her.   During this exchange, Mr. Montenegro hit defendant, and a
> struggle ensued.   Two of Mr. Montenegro's friends joined in the fight, threw
> defendant on the ground, and kicked him.   As this was going on, Mr. Montenegro
> momentarily left, then returned with a knife, and swung it at defendant, resulting in
> a cut to defendant's hand.   According to Mr. Hernandez, the two men continued to
> struggle over the knife, falling to the ground at the base of the stairs, and both were
> covered in blood.

---

[3] *Id.* at 24, Bill of Information, 5/30/17.
[4] *Id.* at 47, Min. Entry, 8/12/15; St. R. Vol. 2 of 15 at 367, Min. Entry, 5/31/17.

Hugo Galvez, an occupant of the apartment complex who was present at the time of the stabbing, called 9-1-1 and then waited in the parking lot for the police to arrive.  When Deputy Richard Wilson of the Jefferson Parish Sheriff's Office arrived, Mr. Galvez relayed that his friend had been stabbed and identified defendant as the perpetrator.  Deputy Wilson thereafter detained defendant, who had an open and bleeding cut on his hand.  Both defendant and Mr. Montenegro were transported to the hospital for treatment of their injuries.[5]

Cuza went to trial before a six person jury for the aggravated battery charge on October 17 and 18, 2017.[6]  The jury found him guilty as charged.[7]  At a November 9, 2017, hearing, the state trial court denied Cuza's motions for new trial and post-verdict judgment of acquittal.[8]  After waiver of legal delays, the court sentenced Cuza to serve ten years in prison at hard labor.[9]  At the same hearing, Cuza entered a plea of not guilty to the State's multiple offender bill filed November 8, 2017.[10]

On May 3, 2018,[11] Cuza entered pleas of guilty to the remaining two counts of false swearing pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970),[12] and *State v. Crosby*, 338

---

[5]  *State v. Cuza*, 260 So. 3d at 756-57 (footnote omitted); St. R. Vol. 8 of 15 at 2062-63 (footnote omitted), 5th Cir. Opinion, 18-KA-187, 11/28/18.

[6]  St. R. Vol. 2 of 15 at 468-69, Trial Mins., 10/17/17; *id.* at 471-72, Trial Mins., 10/18/17; St. R. Vol. 7 of 15 at 1594-1868, Trial Tr., 10/17/17; St. R. Vol. 7 of 15 at 1869-1985, Trial Tr., 10/18/17.

[7]  St. R. Vol. 2 of 15 at 471, Trial Mins., 10/18/17; *id.* at 489, Jury Verdict, 10/18/17.

[8]  St. R. Vol. 3 of 15 at 501, Sentencing Mins., 11/9/17; St. R. Vol. 2 of 15 at 492, Motion for New Trial, 11/8/17; *id.* Trial Court Order, 11/9/17; *id.* at 494, Motion for Post-Verdict Judgment of Acquittal, 11/8/17; *id.,* Trial Court Order, 11/9/17; St. R. Vol. 8 of 15 at 1991, Sentencing Tr., 11/9/17.

[9]  St. R. Vol. 3 of 15 at 501, Sentencing Mins., 11/9/17; St. R. Vol. 8 of 15 at 1992, Sentencing Tr., 11/9/17.

[10]  St. R. Vol. 3 of 15 at 506, Multiple Bill Plea Mins., 11/9/17; St. R. Vol. 1 of 15 at 18, Multiple Bill, 11/8/17; St. R. Vol. 8 of 15 at 1994, Sentencing Tr., 11/9/17.

[11]  St. R. Vol. 3 of 15 at 584, Multiple Bill Hearing Mins., 5/3/18; *id.* at 590, Defendant's Waiver of Constitutional Rights Plea of Guilty, 5/3/18.

[12]  In *Alford*, the United States Supreme Court held: "[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."  *Alford*, 400 U.S. at 37.  Therefore, "[a]n *Alford* plea is one in which the defendant maintains his innocence but agrees to plead guilty."  *United States v. Montiel-Cortes*, 849 F.3d 221, 223 n.1 (5th Cir. 2017).

So. 2d 584 (La. 1976).[13]  After waiver of legal delays, the court sentenced Cuza on these two counts to time served.[14]

At the same hearing, the State amended the multiple bill to charge Cuza as a double felony offender.[15]  Cuza stipulated to the amended multiple bill, and was resentenced as a second offender on the aggravated battery count to serve 20 years at hard labor without benefit of probation or suspension of sentence.[16]

On direct appeal to the Louisiana Fifth Circuit from the aggravated battery conviction and original sentence,[17] Cuza's appointed appellate counsel asserted that the evidence at trial was insufficient to establish that the stabbing was not done in self-defense because the State's case was based on the inconsistent statements and testimony of the victim and other witnesses.[18]  In his *pro se* supplemental brief, Cuza also asserted the same insufficient evidence claim and a second claim that the trial court erred in denying his request to re-cross-examine Officer Wilson on the basis that it was beyond the scope of the State's re-direct.[19]

On November 28, 2018, the Louisiana Fifth Circuit affirmed Cuza's conviction, finding no merit in either claim.[20]  On November 12, 2019, the Louisiana Supreme Court summarily denied

---

[13] Under Louisiana law, a defendant may enter a guilty plea without waiving the right to appellate review of certain pretrial jurisdictional matters, despite the fact that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief.  *Crosby*, 338 So. 2d at 588 (La. 1976).

[14] St. R. Vol. 3 of 15 at 584, Multiple Bill Hearing Mins., 5/3/18.

[15] St. R. Vol. 1 of 15 at 20, Multiple Bill, 11/8/17; St. R. Vol. 3 of 15 at 584, Multiple Bill Hearing Mins., 5/3/18.

[16] *Id.* at 591, Waiver of Rights - Plea of Guilty Multiple Offender, 5/3/18; *id.* at 584, Multiple Bill Hearing Mins., 5/3/18.

[17] The Louisiana Fifth Circuit denied counsel's request to include challenges to the multiple offender proceeding in this appeal and a second appeal would later be filed.  St. R. Vol. 8 of 15 at 2001, 5th Cir. Order, 18-KA-187, 5/29/18.

[18] *Id.* at 2007, Appellate Brief, 2018-KA-0187, 7/2/18.

[19] *Id.* at 2040, *Pro Se* Supplemental Brief, 18-KA-187, 8/14/18.

[20] *Cuza*, 260 So. 3d at 754; St. R. Vol. 8 of 15 at 2059-2072, 5th Cir. Opinion, 18-KA-187, 11/28/18.

Cuza's writ application in which he asserted the two claims raised in his appeal and a third claim, that the appellate court utilized an incorrect standard of the burden in a non-homicide self-defense case.[21]

In the meantime, on August 17, 2018, Cuza submitted an application for post-conviction relief to the state trial court asserting that his trial counsel failed to appeal his multiple offender adjudication.[22]   The state trial court granted him an out-of-time appeal on August 27, 2018, and otherwise denied the application without prejudice.[23]

In this second appeal of the multi-offender proceeding, Cuza's appointed appellate counsel filed a brief that included a request for an errors patent review, a statement indicating that counsel had found no non-frivolous appealable issue in connection with Cuza's multiple offender adjudication, and a motion to withdraw as Cuza's counsel, all pursuant to *Anders v. California*, 386 U.S. 738 (1967), and related state case law.[24]   Cuza filed *pro se* a supplemental brief asserting that the state trial court erred by imposing an enhanced sentence under LA. STAT. ANN. § 15:529.1 after accepting the guilty plea from his trial counsel before cautioning Cuza about his rights in accordance with LA. STAT. ANN. § 15:529.1(D)(2)(3).[25]

On April 24, 2019, the Louisiana Fifth Circuit affirmed the adjudication, remanded for correction of the commitment order, and granted counsel's motion to withdraw.[26]   The court

---

[21] *State v. Cuza*, 282 So. 3d 232 (La. 2019); St. R. Vol. 12 of 15 at 2598, La. Sup. Ct. Order, 2019-KO-00017, 11/12/19; *id.* at 2463-83, La. Sup. Ct. Writ Application, 19-KO-17, 1/3/19 (dated 12/18/18).
[22] St. R. Vol. 3 of 15 at 607, Application for Post-Conviction Relief, 8/22/18 (dated 8/17/18).
[23] *Id.* at 610, Trial Court Order, 8/27/18.
[24] St. R. Vol. 9 of 15 at 2130-43, Appellate Brief, 2018-KA-0716, 1/11/19; *id.* at 2142, Motion to Withdraw, 2018-KA-0716, 1/11/19.
[25] *Id.* at 2163-64, *Pro Se* Supplemental Brief, 18-KA-0716, 2/20/19 (dated 2/15/19).
[26] *State v. Cuza*, 271 So. 3d 369 (La. App. 5th Cir. 2019); St. R. Vol. 9 of 15 at 2172-83, 5th Cir. Opinion, 18-KA-716, 4/24/19.

confirmed that there were no non-frivolous issues for appeal.[27]   The court also held that Cuza was precluded from challenging his enhanced sentence, which was in conformity with his plea agreement and within the applicable sentencing range.[28]   The court also noted that Cuza failed to brief his claim that the state trial court failed to comply with § 15:529.1(D)(2)(3).

On its own error review, the Louisiana Fifth Circuit found that the state trial court neglected to include language in the commitment order reflecting that Cuza's entire sentence was to be served with benefit of probation or suspension of sentence and remanded the matter for the trial court to issue a corrected commitment order.[29]   The trial court complied with the remand directive by issuing a corrected order on April 29, 2019, and later, on May 1, 2019, *nunc pro tunc* corrected a clerical error in that order.[30]

On November 12, 2019, the same day his first appeal writ was denied, the Louisiana Supreme Court also summarily denied Cuza's writ application from the second appeal in which he asserted that his plea and sentence were invalid because the state trial court failed to comply with § 15:529.1(D)(2)(3).[31]   Cuza did not file an application for writ of certiorari with the United States Supreme Court within ninety (90) days;[32] thus, his aggravated battery conviction and multiple offender sentence became final on February 10, 2020.

---

[27] *Id.* at 373; St. R. Vol. 9 of 15 at 2177.

[28] *Id.* at 375; St. R. Vol. 9 of 15 at 2180-81.

[29] *Id.* at 376; St. R. Vol. 9 of 15 at 2182.

[30] St. R. Vol. 3 of 15 at 684-85, Sentencing Mins., 4/29/19; *id.* at 688-89, Amended Mins., 5/1/19.

[31] *State v. Cuza*, 282 So. 3d 228 (La. 2019); St. R. Vol. 13 of 15 at 2664, La. Sup. Ct. Order, 2019-KO-00885, 11/12/19; *id.* at 2602-07, La. Sup. Ct. Writ Application, 19-KO-885, 5/30/19 (dated 5/22/19).

[32] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); Sᴜᴘ. Cᴛ. R. 13(1); *see also Jiminez v. Quarterman*, 555 U.S. 113, 121 (2009) (when a state court grants a defendant an out-of-time appeal during state collateral review, the conviction judgment is not final for purposes of federal habeas review until the out-of-time appeal is resolved); *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (the AEDPA limitations period "did not begin

On July 7, 2020, Cuza filed a motion seeking clarification of his sentence regarding his parole eligibility which was allowed under the habitual offender laws.[33]  The state trial court denied the motion on July 27, 2020, because his multiple offender sentence did not prohibit parole eligibility.[34]

On July 30, 2020,[35] Cuza submitted to the state trial court an application for post-conviction relief in which he asserted the following claims:

(1)  his federal and state constitutional rights were violated when he was denied trial by a jury of twelve and convicted instead by a jury of six;

(2)  his federal and state constitutional rights were violated when he was not tried by a jury of his peers, *i.e.* there were no Hispanics on the jury, and the state trial court failed to include Hispanics in the jury pool that could speak petitioner's native language and sufficient English;

(3)  his federal constitutional rights were violated when the state trial court allowed two jurors to sit at trial when one was related to an employee of the district attorney's office and one had a husband in the same men's club as the arresting officer, who testified at trial for the State, and trial counsel failed to object;

(4)  his federal and state constitutional rights were violated because the State failed to prove the "armed robbery with a dangerous weapon" element of aggravated battery;

(5)  his federal and state constitutional rights were violated when the state trial court failed to read to the jury the definitions of all of the responsive verdicts to aggravated battery despite the defense's request; and

(6)  his federal and state constitutional rights were violated when he was denied effective assistance of counsel when trial counsel (a) failed to move for a mistrial based on the State's failure to produce a knife, not having a jury of

---

until both his conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review.").

[33] St. R. Vol. 3 of 15 at 695, Motion for Clarification of Sentence, 7/13/20 (dated 7/7/20).

[34] *Id*. at 699, Trial Court Order, 7/27/20.

[35] *Id*. at 703, Application for Post-Conviction Relief, 8/4/20 (dated 7/30/20).

twelve, and not having a jury of his peers, and (b) failed to object to the two witnesses with relationships to the prosecution.[36]

After receiving an opposition response from the State,[37] the state trial court denied the application on November 17, 2020.[38]  The court held that Cuza's second and fifth claims were procedurally barred from post-conviction review pursuant to LA. CODE CRIM. P. art. 930.4(C), because the claims could have been but were not asserted on direct appeal.[39]  In addition, Cuza's fourth claim was procedurally barred pursuant to LA. CODE CRIM. P. art. 930.4(A) because it was fully litigated on appeal.  The court also found Cuza's first and sixth claims procedurally barred under LA. CODE CRIM. P. art. 930.4(A) and third claim procedurally barred under LA. CODE CRIM. P. art. 930.4(B) because the claims were known and not raised prior to the conviction.  The court alternatively held that the first claim was without merit because, pursuant to LA. CODE CRIM. P. art. 784(A), aggravated battery was triable by a six person jury.  The court further held that Cuza failed to prove ineffective assistance of counsel under either prong of the *Strickland v. Washington*, 466 U.S. 668 (1984), standard and related state case law.[40]

On November 25, 2020, Cuza filed a motion requesting that the state trial court stay his post-conviction application to allow him time to supplement with additional claims.[41]  The state trial court denied the motion on December 9, 2020.[42]

---

[36] *Id.* at 711-721, Memorandum in Support of Application for Post-Conviction Relief (not separately filed).
[37] St. R. Vol. 4 of 15 at 784, State's Response, 11/12/20.
[38] *Id.* at 795-797, Trial Court Order, 11/17/20.
[39] *Id.* at 796.
[40] *Id.* at 796-97.
[41] *Id.* at 805, Motion to Stay, 12/2/20 (dated 11/25/20).
[42] *Id.* at 810, Trial Court Order, 12/9/20.

On January 4, 2021, Cuza timely[43] filed a writ application with the Louisiana Fifth Circuit and asserted the following errors in the denial of his post-conviction application:

(1)    Claims two and five should be reviewed on the merits because of appellate counsel's ineffective assistance in filing an *Anders* brief rather than perusing the record for possible errors that may have changed the outcome of the verdict;

(2)    Claim three should be reviewed on the merits because of trial counsel's ineffective assistance in failing to object to certain facts and appellate counsel's filing of an *Anders* brief instead of perusing the record for possible errors;

(3)    Claim four should be reviewed on the merits because petitioner has to exhaust all state court remedies before pursuing federal habeas relief and petitioner's appellate counsel only challenged the proof to overcome self-defense not the elements of aggravated battery; and

(4)    Claim six should be reviewed on the merits because the state trial erred by not giving an explanation as to how he failed to meet both prongs of the *Strickland* standard.[44]

On February 8, 2021, the Louisiana Fifth Circuit denied Cuza's writ application.[45]   The court noted that all of Cuza's assignments "focus[ed] on counsel's alleged ineffective assistance at trial and on appeal," and addressed each claim under *Strickland* and related case law.[46]   In doing so, the court found no deficient performance by trial or appellate counsel in the manners alleged by Cuza.   Specifically, Cuza failed to prove appellate counsel's performance was deficient because there was no reason for counsel to have included meritless claims regarding the make-up of the jury or the rereading of responsive verdicts.[47]   Similarly, there was no basis for trial or appellate counsel to have challenged the inclusion of the two jurors who were rehabilitated after

---

[43] The state trial court set a return date of February 5, 2021, for Cuza to file this writ application.   *Id.* at 815, Trial Court Order, 1/25/21.   This writ was timely filed under LA. APP. R. 4-3, contrary to the State's suggestion in its opposition memorandum.   ECF No. 12, at 17.

[44] St. R. Vol. 15 of 15 at 2755, 2758, 5th Cir. Writ Application, 21-KH-9, 1/8/21 (dated 1/4/21).

[45] *Id.* at 2815, 5th Cir. Order, 21-KH-9, 2/8/21.

[46] *Id*. at 2816-17.

[47] *Id*. at 2818-19.

disclosing tangential relationships with an employee of the district attorney's office and a police officer.[48]   The court also found no error in the trial court's imposition of the procedural bar to foreclose review of his sufficiency of the evidence claim.   In addition, the court found no deficiency in appellate counsel's challenge to the evidence produced at trial and no deficiency in trial counsel's failure to call a wound expert to support the self-defense theory.[49]   Finally, the court concluded that the trial court provided sufficient reasons for denial of relief under *Strickland* when addressing Cuza's ineffective assistance of trial counsel claim.   The court also noted that, in the first direct appeal of the conviction, counsel filed a full brief, not an *Anders* brief, and petitioner filed a *pro se* supplemental brief, in which he also failed to assert the claims he now contended counsel should have included.[50]   The court also found no error in the trial court's conclusion that trial counsel was not ineffective for failing to object to the State's failure to produce a knife or object to the two challenged jurors.[51]

Cuza filed a writ application with the Louisiana Supreme Court in which he asserted the same assignments of error presented to the appellate court, along with restated arguments in support of his original post-conviction claims two through six.[52]   On May 3, 2022, the Louisiana Supreme Court denied that writ application, holding that Cuza failed to show ineffective assistance of counsel under *Strickland* and otherwise failed to meet his burden of proof on the other claims.[53]

---

[48] *Id*. at 2819-20.
[49] *Id*. at 2820-21.
[50] *Id*. at 2821.
[51] *Id*. at 2821-22.
[52] St. R. Vol. 14 of 15 at 2665, La. Sup. Ct. Writ Application, 3/12/21 (dated 2/22/21).
[53] *State v. Cuza*, 337 So. 3d 150 (La. 5/3/22); St. R. Vol. 14 of 15 at 2753-54, La. Sup. Ct. Order, 2021-KH-0377, 5/3/22.

## II.  FEDERAL HABEAS PETITION

On May 25, 2022, after correction of certain deficiencies, the Clerk of Court filed Cuza's

petition for federal habeas corpus relief in which he asserts the following claims:

(1)    sufficiency of evidence;[54]

(2)    denial of right to re-cross-examination;[55]

(3)    appellate counsel was ineffective for filing an *Anders* brief rather than perusing the record for possible errors that may have changed the outcome of the verdict and without asserting claims (a) that he was not tried by a jury of his peers, and (b) the trial court failed to reread all of the responsive verdict definitions to the jury;[56]

(4)    (a) trial counsel was ineffective for failing to object to certain facts to preserve the record as to two jurors' relationships to the prosecution, and (b) appellate counsel filed an *Anders* brief instead of perusing the record for possible errors to find the errors in admitting the biased jurors;[57]

(5)    petitioner has to exhaust all remedies in state court before seeking federal habeas relied because (a) appellate counsel did not raise issues about the essential elements of aggravated battery rather than self-defense, (b) trial counsel did not present expert testimony about his wounds proving self-defense, and (c) trial counsel failed to prove that something less than aggravated battery occurred;[58] and

(6)    the state trial court erred by not giving an explanation as to how petitioner did not meet the two prongs of *Strickland* when appellate counsel erred in filing an *Anders* brief which denied him the opportunity to raise certain claims, trial counsel failed to object or move for mistrial during testimony about the knife when no knife was produced, failed to object to the jurors with relationships to the prosecution.[59]

---

[54] ECF No. 3, at 4, ¶12.
[55] *Id*. at 5.
[56] ECF No. 3-1, at 6-8.
[57] *Id*. at 8-10.
[58] *Id*. at 11-13.
[59] *Id*. at 14-15.

The State filed a response in opposition to Cuza's petition asserting that, while the petition was timely filed, Cuza failed to properly exhaust state court review of all of his claims.[60]   The State also urges that, while the remaining unexhausted claims are now in procedural default under state law, the federal petition should be dismissed without prejudice as a mixed petition, containing both exhausted and unexhausted claims.[61]   Alternatively, the State argues that Cuza's ineffective assistance of trial and appellate counsel claims lack merit under *Strickland*.[62]

In his reply to the State's opposition memorandum, Cuza asserts that he has exhausted state court review, referencing generally his state post-conviction filings in each court.[63]   He further prays that this court review the merits of his claims under AEDPA standards and grant him relief.[64]

## III.    LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.   The AEDPA went into effect on April 24, 1996,[65] and applies to habeas petitions filed after that date.[66]   Cuza's petition is deemed filed on May 13, 2022.[67]

---

[60] ECF No. 12, at 14-18, ¶A; *id*. at 18-27, ¶B.

[61] *Id*. at 27.

[62] *Id*. at 27-48.   The State did not mention the first two claims listed in Cuza's form § 2254 petition, and instead focused on the claims in his memorandum in support.

[63] ECF No. 13, at 3, ¶V.

[64] *Id*. at 2, ¶III; *id*. at 3, ¶VI.

[65] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.   *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[66] *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

[67] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.   Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.   *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).   Cuza signed his form petition and supporting memorandum on May 13, 2022, which is the earliest date appearing in the record on which he could have presented his pleadings to the prison for mailing to the court.   ECF No. 3, at 8; ECF No. 3-1, at 15.

### A.    <u>Preliminary Considerations</u>

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court.    In other words, has the petitioner exhausted state court remedies and is the petitioner in "procedural default" on a claim.[68]    The State asserts, and the record reflects, that Cuza's federal petition was timely filed under the AEDPA.    The State, however, also contends that Cuza did not exhaust state court review of his claims, and his petition should be dismissed for that reason.

In its opposition memorandum, the State addresses the four ineffective assistance of counsel claims (and related state court errors) discussed in Cuza's memorandum, but does not address the two substantive claims of sufficiency of evidence and denial of re-cross-examination, both of which are listed in the form § 2254 complaint (but not addressed in Cuza's supporting memorandum).    Nevertheless, for the reasons that follow, the State is correct in its assertion that Cuza failed to properly exhaust state court review of all of his claims.    For that reason, Cuza's petition should be dismissed without prejudice.

### B.    <u>Exhaustion Doctrine</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[69]    A federal habeas petition should be dismissed if state remedies have not been exhausted as to *all* of the federal habeas claims and supporting arguments brought by the petitioner.[70]

---

[68] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

[69] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419.

[70] *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added).

The exhaustion requirement is satisfied when the substance of the federal habeas claims has been "fairly presented to the highest state court" in a procedurally proper manner.[71]   "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary review procedures.[72]   The federal claim also must be "the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."[73]   "This requirement is not satisfied if the petitioner presents *new legal theories* or *new factual claims* in his federal application."[74]   When ineffective assistance of counsel is asserted, the claim is not exhausted if the petitioner did not raise or mention the same factual basis or legal theory in the state court proceedings that is asserted in a federal petition.[75]   It also is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court in a procedurally proper manner, and vice versa.[76]

The burden is on the petitioner to properly assert his federal claims in the state courts in a manner and time when state procedural law permits its consideration on the merits.[77]

---

[71]  *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).

[72]  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

[73]  *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).

[74]  *Id.* (citing *Nobles*, 127 F.3d at 420) (emphasis added).

[75]  *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849–50 (5th Cir. 1983) (factual bases for ineffective assistance claim were not exhausted as "significantly different" from those raised in state court).

[76]  *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

[77]  *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005) (citing *Baldwin*, 541 U.S. at 30-32).

### 1. Cuza Failed to Exhaust State Court Review

In Louisiana, an application for post-conviction relief must first be filed in the state trial court and assert all post-conviction claims to be reviewed.[78]   Louisiana's rules further require that, when a trial court denies post-conviction relief, the defendant has 30 days from issuance of the trial court's order to file for review in the appellate court.[79]   The defendant would then have 30 days from issuance of the appellate court's ruling to seek review in the Louisiana Supreme Court.[80] Under federal law, when a claim or supporting argument is not specifically and properly presented to each level of the state courts, review is not exhausted.[81]

In this case, Cuza failed to properly exhaust state court review of all of his claims.   In seeking post-conviction relief in the state trial court, Cuza presented six substantive claims summarized as follows:

(1)    denial of 12 person jury;

(2)    denial of jury of his peers;

(3)    (a) the state trial court seated two bias jurors, and (b) trial counsel did not object;

(4)    insufficient evidence where there was no knife produced;

(5)    the state trial court failed to reread the definitions of all responsive verdicts; and

(6)    ineffective assistance of trial counsel for failure to move for mistrial based on the lack of a knife, no jury of 12, and no jury of his peers, and failed to object to the seating of the two biased jurors.

---

[78] LA. CODE CRIM. P. art. 926(A), (B)(5) (the written application must be addressed to the district court and include "all errors known or discoverable with due diligence.")

[79] LA. APP. R. 4-3 (a writ application must be filed in the court of appeal within 30 days after issuance of a trial court's ruling); *see also*, LA. CODE CRIM. PROC. art. 930.6 (a petitioner may seek supervisory review of the denial of a post-conviction application in the court of appeal).

[80] LA. SUP. CT. R. X§5 (a writ application must be filed within thirty days of the mailing of the court of appeal's judgment); *accord Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009) (discussing LA. SUP. CT. R. X§5).

[81] *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420) (emphasis added).

The state trial court procedurally barred review of all of Cuza's claims except his claims of ineffective assistance of counsel (claims 3(b) and 6), which were denied under *Strickland* standards.   Cuza did not reassert claims 1, 2, 3(a), 4, 5, or 6 in his subsequent writ application to the Louisiana Fifth Circuit.   In fact, Cuza did not reassert claim 1 (denial of 12 person jury) to any state court or this federal court.

In seeking review from this denial, and perhaps because all but his ineffective assistance of trial counsel claims (claims 3(b) and 6) were procedurally barred by the state trial court, Cuza reformulated his claims 2 through 5 in the Louisiana Fifth Circuit to assert only ineffective assistance of trial and/or appellate counsel for failure to urge or object to the substantive errors he could no longer assert under the state procedural laws applied by the state trial court.   He also reframed his sixth claim (which was already ineffective assistance of trial counsel) to challenge the lower court's failure to give reasons under *Strickland* for denying the actual ineffective assistance of trial counsel claim he raised in the trial court.   Cuza repeated these newly crafted ineffective assistance of counsel claims in the Louisiana Supreme Court, although he also reasserted some of his arguments in support of his original claims 2 through 6.   This revival, however, does not change the fact that Cuza asserted claims in the Louisiana Supreme Court and the Louisiana Fifth Circuit that were not presented to the state trial court in the first instance.

Specifically, Cuza did not assert *any* ineffective assistance of appellate counsel claims in his application for post-conviction relief filed in the state trial court.   He also did not present to the state trial court a claim of ineffective assistance of trial counsel for failure to present expert testimony on wounds or prove that something less than aggravated battery occurred.   His failure to present these claims and arguments to the state trial court before presenting them to the higher

16

state courts results, under federal law, in Cuza's failure to properly exhaust his federal claims at each level of the state courts' process.[82]   For these reasons, Cuza's claims of ineffective assistance of appellate counsel and ineffective assistance of trial counsel for failure to present expert testimony on wounds and to prove something less than aggravated battery occurred were not properly exhausted in the state courts before being asserted in this federal court.

As the result of Cuza's inconsistent or reformulated state post-conviction claims, he has failed to exhaust most of his claims asserted in this federal court.   For clarity, I will address exhaustion of each of the six claims asserted in this federal petition.

For federal claim 1 (sufficiency of the evidence), Cuza exhausted review of one claim of sufficiency of the evidence (i.e., challenging sufficiency of the State's evidence to overcome his self-defense theory) in his first direct appeal and related Louisiana Supreme Court writ application. However, Cuza has *not* exhausted review of his post-conviction sufficiency of the evidence claim (i.e., challenging the State's failure to produce a knife as a required element of aggravated battery). This "elements of the crime" argument was raised in his post-conviction application in the state trial court (claim 4 in that application) but was not brought to the Louisiana Fifth Circuit in the same manner.   It was instead converted to an ineffective assistance of appellate counsel claim that had not been urged in the trial court.   Even if it were arguably reasserted in the Louisiana Supreme Court, that re-urging would not have been procedurally proper since it was not presented to the appellate court.

Cuza exhausted state court review of federal claim 2 (denial of the right to re-cross-examination of the arresting officer) in the state courts.   The claim was asserted in his application

---

[82] *O'Sullivan*, 526 U.S. at 845; *Duncan*, 533 U.S. at 177-79.

for post-conviction relief in the state trial court and the subsequent writ applications in the higher state courts.

Cuza did *not* exhaust review of *any* of his ineffective assistance of appellate counsel claims asserted in federal claims 3 and 6 (filing an *Anders* brief), federal claim 4(b) (filing an *Anders* brief instead of challenging biased jurors), and federal claim 5(a) (failure to appeal sufficiency of evidence on the essential elements of aggravated battery). These arguments were not presented to the state trial court before being brought to the higher state courts.

Cuza has exhausted state court review of his ineffective assistance of trial counsel claims asserted in federal claim 4(a) (failure to object to two jurors with relationships to the prosecution) and federal claim 6 (failure to object or move for mistrial during testimony about the knife when no knife was produced, failed to object to the jurors with relationships to the prosecution). These claims were substantively asserted in his application for post-conviction relief in the state trial court and the subsequent writ applications in the higher state courts.

For the foregoing reasons, Cuza did not give the state courts one full and complete opportunity to review all of his claims at each level before presenting his claims in this federal habeas petition.[83] Cuza has *not* properly exhausted his ineffective assistance of trial counsel claims asserted in federal claim 5(b) (failure to present expert testimony about wounds) and federal claim 5(c) (failure to prove that something less than aggravated battery).

### 2. Cuza's Petition Should be Dismissed

Cuza did not give the Louisiana courts the opportunity to consider *all* of his post-conviction claims and theories in a procedurally proper manner before presenting his claims to this federal

---

[83] *O'Sullivan*, 526 U.S. at 845; *Duncan*, 533 U.S. at 177-79.

habeas court.   Therefore, this case, which includes both exhausted and unexhausted claims, is a "mixed petition," and it is subject to dismissal without prejudice.[84]

The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow for complete exhaustion.[85]   The Supreme Court recognizes that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust the claims in full; or (2) amend or resubmit the petition to pursue only exhausted claims in the federal district court.[86]   Cuza now should be required to make this choice.

### 3.   Cuza's Mixed Petition Should Not be Stayed

In *Pliler*, the Supreme Court also addressed the possibility of a stay-and-abeyance in connection with "mixed petitions" for habeas relief containing both exhausted and unexhausted claims.[87]   The Supreme Court later held that stay-and-abeyance was an extraordinary remedy *not* to be made readily available to a habeas petitioner.[88]   The Court later in *Rhines* cautioned that a stay-and-abeyance "should be available only in *limited* circumstances," and is appropriate *only* when the district court determines that there was "good cause" for the failure to exhaust.[89]   Stays are improper when the unexhausted claims are "plainly meritless" or when the petitioner has engaged in "abusive litigation tactics or intentional delay."[90]

In this case, there is no good cause for Cuza's failure to exhaust review of all of his sufficiency of the evidence and ineffective assistance of trial and appellate counsel claims and

---

[84] *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

[85] *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510).

[86] *Id*. at 230-31.

[87] *Pliler*, 542 U.S. at 230-31.

[88] *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

[89] *Id*. at 277 (emphasis added).

[90] *Id*. at 277-78.

theories.   The extraordinary remedy of a stay for him to fully exhaust should not be available or necessary under the circumstances of this case.   Instead, Cuza's petition should be dismissed without prejudice to allow him to exhaust any available state court remedies as to his sufficiency of the evidence and ineffective assistance claims, unless Cuza exercises the option, within the fourteen (14) day objection period provided below, to amend his habeas petition to dismiss the unexhausted claims and present *only* the exhausted claims identified in this report.[91]

### 4.   Summary of Exhaustion

For the foregoing reasons, Cuza did not exhaust state court review of his sufficiency of the evidence regarding the knife, all of his ineffective assistance of appellate counsel claims, and his ineffective assistance of trial counsel claims for counsel's failure to present expert wound testimony or prove that something less than aggravated battery occurred.   The exhausted claims presented in Cuza's federal petition are: (1) sufficiency of the State's evidence to disprove self-defense; (2) denial of the right to re-cross-examine the police officer; (4)(a) ineffective assistance of trial counsel for failure to object to two jurors with relationships to the prosecution; and (6) ineffective assistance of trial counsel for failure to object or move for mistrial during testimony about the knife when no knife was produced and failed to object to inclusion of the two jurors with relationships to the prosecution.

Because Cuza has included unexhausted claims in this federal petition, the petition should be dismissed without prejudice for failure to exhaust review of the unexhausted claims *unless* Cuza amends the petition to include only the exhausted claims or dismisses the unexhausted claims identified herein.

---

[91] *Pliler*, 542 U.S. at 233 (citing Rose, 455 U.S. at 510); *Whitehead*, 157 F.3d at 387.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that Cuza's habeas corpus petition under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies, unless Cuza, within the fourteen (14) day objection period provided below, amends the petition to dismiss the unexhausted claims and present only the exhausted claims identified in this report.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[92]

New Orleans, Louisiana, this   27th   day of March, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[92] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).