## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANTONIO CUZA,**                                          **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                               **NO.  22-1354**

**TRAVIS DAY, WARDEN, RAYBURN**                          **SECTION "E" (2)**
**CORRECTIONAL CENTER,**
    **Defendant**

### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Donna Phillips Currault, recommending Petitioner Antonio Cuza's petition for Writ of Habeas Corpus[2] be dismissed without prejudice for failure to exhaust state court review. Petitioner timely filed a purported "objection" to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

### LAW AND ANALYSIS

On July 8, 2013, Cuza was charged by bill of information in Jefferson Parish after he apparently stabbed someone at a child's birthday party.[5] A jury found him guilty of aggravated battery with a dangerous weapon in 2017.[6] After a series of appeals and other docket activity,  Petitioner's conviction became final on February 10, 2020, and he is currently serving a term of imprisonment of 20 years at hard labor without benefit of

---

[1] R. Doc. 14.
[2] R. Doc. 3.
[3] R. Doc. 15.
[4] R. Doc. 14.
[5] *Id.* at pp. 1-2.
[6] *Id.* at p. 3.

probation or suspension of sentence.[7] On May 25, 2022, Petitioner filed the instant petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254,[8] which was referred to Magistrate Judge Currault to conduct hearings, including an evidentiary hearing if necessary, and to submit a proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). To that end, on March 27, 2023, Judge Currault issued her Report and Recommendation.[9]

When a magistrate judge issues a Report and Recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the Report and Recommendation to which a proper objection is made.[10] The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instruction.[11] Rule 72(b)(2) of the Federal Rules of Civil Procedure provides that a party may file "specific written objections" to a Report and Recommendation. Countless federal district courts have interpreted that instruction to mean objections must be written and, with particularity, identify the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[12] Simply put, objections must be specific; a general objection to the Report and Recommendation is not sufficient to trigger *de novo* review by the district court judge.

As district courts within the Fifth Circuit have recognized, "'[i]n order to be specific, an objection must identify the specific finding or recommendation to which

---

[7] *Id.* at pp. 4, 6.

[8] R. Doc. 3.

[9] R. Doc. 14.

[10] FED. R. CIV. PRO. 72(b)(3).

[11] *Id.*

[12] *See, e.g., Peterson v. Day*, 2022 WL 16758322, at *2 (E.D. La. 11/8/2022) (quoting *Stone v. Director, TDCJ-CID*, 2022 WL 980792, at *3 (N.D. Tex. 3/7/2022)); *see also Arteaga v. Cinram-Technicolo*, 2022 WL 1256659 (M.D. Tenn. 4/27/2022); *Frias v. Frias*, 2019 WL 549506 (M.D. Tenn. 2/12/2019).

objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.'"[13] "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."[14] Moreover, an objection "that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."[15] The district court is not required to review under a *de novo* standard those aspects of the Report and Recommendation to which no specific objection is made—instead, the Report and Recommendation is reviewed under a clearly erroneous standard of review.[16]

Turning to Petitioner's purported "objection," the Court finds it is improper. Magistrate Judge Currault, after carefully exploring Petitioner's lengthy state court record and the applicable law, in a 21-page Report and Recommendation, found "Cuza did not give the state courts one full and complete opportunity to review all of his claims at each level before presenting his claims in this federal habeas petition" and, therefore, "this case, which includes both exhausted and unexhausted claims [] is a 'mixed petition' . . . subject to dismissal without prejudice."[17] By contrast, Petitioner's objection amounts to a

---

[13] *Peterson*, 2022 WL 16758322, at *2 (quoting *Stone*, 2022 WL 980792, at *3).

[14] *Frias*, 2019 WL 549506, at *2 (internal citations and quotations omitted).

[15] *Id.*

[16] *Dixon v. McCaine*, Civ. A. 20-141, R. Doc. 20 at p. 7 (E.D. La. 4/22/2021) (Morgan, J.).

[17] R. Doc. 14 at pp. 18-19; *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.") ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."); *see also Pliler v. Ford*, 542 U.S. 225, 233 (2004) (a case reflective of the United States Supreme Court's long-running recognition that a "mixed" petition should be dismissed without prejudice to allow for complete exhaustion).

conclusory statement of "Yes, I did exhaust my state court remedies," accompanied by no explanation whatsoever.[18]

Petitioner does not point out specifically where he believes Magistrate Judge Currault erred, whether it be in her fact-finding, legal analysis, or otherwise.[19] Thus, the objection does not meet the requirements of Rule 72 of the Federal Rules of Civil Procedure. Having found Petitioner has failed to specifically object to the Report and Recommendation, the Court is not required to review under a *de novo* standard the Report and Recommendation. Instead, the Court need only review Magistrate Judge Currault's factual and legal findings to determine whether they are clearly erroneous or contrary to law.[20] A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[21] Legal conclusions are contrary to law when the magistrate judge misapplies case law, a statute, or a procedural rule.[22]

Having carefully reviewed the record, the Petition for Writ of Habeas Corpus,[23] the Report and Recommendation,[24] and the applicable law, the Court finds Magistrate Judge Currault's findings are not clearly erroneous or contrary to law.

---

[18] R. Doc. 15 at p. 2 (arguing, without explanation, that "[it] is well documented that Petitioner has exhausted all habeas claims in state court").

[19] *See id.*

[20] *See* 28 U.S.C. § 636(b)(1)(A).

[21] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[22] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).

[23] R. Doc. 3.

[24] R. Doc. 14.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Currault's Report and Recommendation[25] as its own and hereby **DISMISSES** Petitioner's application for relief.[26]

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court review, unless Petitioner amends his petition to exclude and/or dismiss the unexhausted claims.

**New Orleans, Louisiana, this 5th day of May, 2023.**

**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[25] *Id.*
[26] R. Doc. 3.